IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES WILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:04-0837 |
| ) | JUDGE HAYNES |
| THE FEDERAL AVIATION ADMINISTRATION, ) | |
| MARION BLAKELY in her official capacity as ) | |
| administrator of the Federal Aviation Administration, ) | |
| JOHN CATSIMATIDIS, NICHOLAS C. KATSORIS, ) | |
| C & S ACQUISTION CORPORATION, RED APPLE, ) | |
| AVIATION GROUP, INC., RED APPLE GROUP, ) | |
| INC., RICK PARATINO, SID MARTIN, B.J. HAIRE, ) | |
| RICHARD WEILAND, and UNITED REFINING ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, James Wilbert, filed this action under 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii), 701 through 706 and 28 U.S.C. § 1331 and 1391(a)(b) and (c), against the Defendants: The Federal Aviation Administration ("FAA"), Marion Blakely in her official capacity as FAA administrator, John Catsimatidis, Nicholas C. Katsoris, C & S Acquistion Corporation, Red Apple, Aviation Group, Inc., Red Apple Group, Inc., Rick Paratino, Sid Martin, B.J. Haire, Richard Weiland and United Refining Company. Plaintiff's claims arise out of an unsuccessful transaction to sell two aircraft to individuals in Mali, Africa. During this unsuccessful venture, Plaintiff, a pilot, who had traveled to Africa at Defendant C&S's request, was held hostage for six (6) weeks before he was released. Plaintiff dismissed his claim against the Defendants, federal employees and the FAA. (Docket Entry No. 93). Plaintiff's remaining claims against the other Defendants are for fraud, professional negligence, personal injury and endangerment.

Before the Court is a motion to dismiss, filed by Defendant Catsimatidis, C&S, Red Apple Defendants and URC (Docket Entry No. 31) contending, in sum, that Plaintiff's claims are tort claims and are barred by the applicable statute of limitations, Tenn. Code Ann. § 28-3-104. Moreover, to the extent the Tennessee's discovery rule applies, the Plaintiff's acts and statement in 2002 and 2003 reflect his awareness that he had reason to believe that he had these claims against the Defendant.

Also before the Court is the Defendant Katsoris's motion to dismiss and motion for summary judgment (Docket Entry No. 56) asserting that the Court lacks personal jurisdiction over him and that Plaintiff's claims are time barred. Defendant Katsoris also moved to strike the affidavit of Steven Womack, as hearsay. (Docket Entry No. 91).

Plaintiff responds that he filed his first action in 1997 against the Mali principals, but Defendant Katsoris was his counsel in that action did not pursue discovery of these Defendants involvement. Plaintiff insists that he did not learn of the Red Apple Defendants' alleged acts until February, 2004 and that the Defendant Catsimatidis made false statements that he actually worked to obtain Plaintiff's release from hostage. Plaintiff specifically cites his discovery that the Defendant Catsimatidis invited one of the key Mali principals in this abduction to a White House affair.

### A. Analysis of Motions

Plaintiff's theory of recovery is premised on the factual allegations that these Defendants, except for Katsoris, represented that they took affirmative steps to secure his release by contacting the United States government officials to pressure Mail officials for Plaintiff's release. Plaintiff alleges that in fact, these Defendants did not do so.

The factual record reveals that in 1999, Plaintiff retained Steve Womak, a **writer** to write the story of his ordeal. (Docket Entry No. 45, Wilbert Affidavit). Womack asserts that he did not discover these Defendants' actual roles causing Plaintiff's extended detention until January or February 2004. (Docket Entry No. 46, Womack Affidavit).

The record also reflects that Brad W. Hornsby, an attorney who represented Plaintiff in his 1997 action wrote a letter dated August 5, 2003 to Steve Harris of the Aircraft Owners and Pilot Association stating that the "State Department was never involved" in trying to release him and that the Mali principal Sissoko had been invited to a White House function. (Docket Entry No. 34, Zenner Affidavit, Attached thereto). After his allegations about this Mali citizen's White House visit, Plaintiff's next complaint alleges that on April 26, 2002, Wilbert made a Freedom of Information Act request for all records of "any request by and/or on behalf of James Wilbert requested these allegations to be reexamined" "[a]ny reports, depositions, or investigations into the Nashville FAA office." (Docket Entry No. 1, Complaint at ¶¶ 35 and 36).

In a supplement to his complaint (Docket Entry No. 40), Wilbert's counsel letter dated April 26, 2002, is attached and reads in pertinent part, as follows:

> Sid Martin under the direction of Mr. R. Parrotino contacted crew members and foreign aviation officials, outside the scope of their operational authority, questioning both personal and company activities of Wilbert and his employer. These unsolicited and false statements led to distrust and a belief that Wilbert did not have the protection of the U.S. Government and was doing something improper. Mr. Richard Martz can verify that officials in Africa were told that Wilbert was improperly setting up Capitol Air Express overseas. Hearing this from government officials, Mr. Sissoko kidnaped Wilbert and held him hostage. Wilbert was released after his company paid a "ransom" by reducing the purchase price for airplanes and parts. It was not until recently that Wilbert because aware the Nashville office gave this false information to individuals in Africa.

Id. Attachment No. 1 thereto.

3

Case 3:04-cv-00837 Document 96 Filed 08/09/05 Page 3 of 6 PageID #: 300

In his opposition to Katsoris's motion, Plaintiff makes the following argument about the facts of his claim:

> Knowing that the White House would not have as a guest an individual who had recently conducted an international hostage situation, Plaintiff realized that Defendant Catsimatidis and the Red Apple Defendants had willfully and deliberately failed to notify the appropriate federal authorities.- Due to Defendant Katsoris's position of confidence within the Red Apple Defendants' business structure, Plaintiff states that Defendant Katsoris knew this information and failed to reveal it to Plaintiff.

(Docket Entry No. 64, Plaintiff's Response at p. 16).

As to Plaintiff's claims against Katsoris, Katsoris was retained by Plaintiff's Tennessee counsel for an earlier action Plaintiff filed in a district court in New York. Katsoris allegedly told Wilbert that a settlement in the FAA investigation had been reached and that he should take the deal. Plaintiff agreed to sign a settlement agreement with the FAA, that resulted in the suspension of his flying privileges. (First Amended Complaint at ¶ 35).

Katsoris asserts that he did not know Plaintiff prior to or during the time of the alleged wrongful acts against him in Africa. Katsoris's first contact with Plaintiff was when Plaintiff's counsel, Brad Hornsby, asked Katsoris to represent Plaintiff in the lawsuit against Sissoko, the Mail citizen in New York. Plaintiff's earlier 1997 action against Sissoko was dismissed earlier in this Court, due lack of personal jurisdiction over Sissoko. Plaintiff's counsel, Bard Hornsby, then asked Mr. Katsoris to file the lawsuit on behalf of Wilbert and C&S against Sissoko in New York. Katsoris eventually obtained a default judgment on Mr. and Mrs. Wilbert's behalf against Sissoko in the amount of $1,303.600.00. (Docket Entry No.56, Exhibit B thereto).

Katsoris asserts that he was never aware of an FAA investigation involving Plaintiff and certainly did not provide advice to Plaintiff about that matter. Id. Katsoris has never been to

4

Tennessee and has never entered into any type of contract in Tennessee. Id.

## B. Conclusions of Law

In this diversity action, as to the remaining individual Defendants, state law governs the substantive claims Eric v. Tompkins, 304 U.S 64 (1938). For Plaintiff's state law tort claims, the statute of limitations begins to run when "a judicial remedy is available." Wyatt v. Acands, Inc., 910 S.W.2d 851, 855 (Tenn. 1995) (citing Potts v. Celotex Corp., 796 S.W.2d 678, 681 (Tenn. 1990); Foster v. Harris, 633 S.W.2d 304, 305 (Tenn. 1982). "A judicial remedy is available when (1) a breach of a legally recognizable duty owed to plaintiff by defendant (2) causes plaintiff cognizable damage." Id. (citing Potts, 796 S.W.2d at 681). "Legally cognizable damages occur when a plaintiff discovers facts which would support an action for tort against the tortfeasor." Id. (quoting Hathaway v. Middle Tennessee Anethesiology P.C., 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986)).

To trigger the statute of limitations, the Tennessee Supreme Court stated: "[i]t is not necessary that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action;' the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." Stanbury v. Bacardi, 953 S.W.2d 671, 677 (Tenn. 1997) (quoting Roe v. Jefferson, 875 S.W.2d 653, 657 (Tenn. 1994).[1]

Given Plaintiff's interpretation of the August, 2002 event, his August 2002 FOIA request

---

[1] See also Wansley v. Refined Metal's Corp., 1996 Tenn. App. LEXIS 552, *4 (unpublished opinion). ("neither a formal medical diagnosis, nor certainty as to causation, nor the proof necessary to sustain the cause of action is required in order for the cause of action to accrue").

5

and statements in August 2002 and 2003, the Court concludes that Plaintiff knew government officials did not assist in his release and in fact caused his release. These collective facts would give a reasonable person notice of his claims against these Defendants (other than Kartsoris) and such notice occurred more than one year prior to the filing of this action in September, 2004.

For these reasons, the Court concludes that Plaintiff's claim against the Defendants C&S, the Red Apple Defendants, Catsimatidis and URC are time barred.

As to the Defendant Katsoris, he lacks any contacts to Tennessee or ties to Plaintiff's Africa trip. The Court agrees that Plaintiff has not shown any sufficient facts of Katsoris' "purposeful availment" of a Tennessee forum that is required for this Court's exercise of personal jurisdiction. Mahler v. Startari, 2005WL1017994 *2 (6th Cir. May, 2, 2005) (citations omitted). Thus, Kartsoris's motion should be granted for this Court's lack of personal jurisdiction over him. Thus, the Court lacks jurisdiction over the Defendant Katsoris and any consideration of the remaining contentions about him are beyond the Court's authority to address.

An appropriate Order is filed herewith.

ENTERED this the 8th day of August, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge